NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

25-P-1027                                        Appeals Court

COMMONWEALTH  vs.  DANIEL R. FIGUEROA.

No. 25-P-1027.

Middlesex.      May 12, 2026. - August 7, 2026.

Present:  Walsh, Hershfang, & D'Angelo, JJ.

Assault and Battery by Means of a Dangerous Weapon.  Self-
    Defense.  Evidence, Impeachment of credibility, Hospital
    record, Medical record.  Interpreter.  Witness,
    Impeachment.  Practice, Criminal, Interpreter, Transcript
    of evidence.

Complaint received and sworn to in the Framingham Division
of the District Court Department on October 27, 2021.

The case was tried before Matthew L. McGrath, III, J., and
a motion for a new trial was heard by him.

Genevieve K. Henrique for the defendant.
Meagan T. Horn, Assistant District Attorney, for the
Commonwealth.

D'ANGELO, J.  The defendant was found guilty by a jury in

the District Court of assault and battery by means of a

dangerous weapon, G. L. c. 265, § 15A (b).  The defendant, whose

first language is Spanish and who used a Spanish interpreter at

trial, was involved in a fight with two brothers in a park in Framingham.[1]  He testified at trial and asserted that he acted in self-defense.  After his arrest, the defendant was questioned by a Spanish-speaking detective.  The interrogation was audio and video recorded, and the recording was produced to the defendant in discovery.  The Commonwealth never provided the defendant with an English-language transcript of the interrogation.  At trial, over the defendant's objection, the Commonwealth was allowed to impeach his testimony through the testimony of the police detective who had questioned him in Spanish.

The defendant appeals from his conviction, asserting as error the trial judge's admission of (1) the police detective's testimony about the defendant's statements made during interrogation in light of the Commonwealth's failure to provide an English-language transcript to defense counsel in advance of the trial, and (2) three statements within the defendant's medical records.[2]  We affirm the conviction and the denial of the motion for a new trial, concluding that Commonwealth v.

---

[1] One of the brothers died prior to trial; there was no suggestion at trial that his death was related to the defendant's actions.

[2] The defendant also argues that the judge's denial of his motion for a new trial on these same issues was an abuse of discretion.  Because these issues do not warrant reversal of the conviction, the judge properly denied the motion.

Portillo, 462 Mass. 324, 332 (2012), leaves to the trial judge's discretion whether the Commonwealth must produce a translated transcript before using the defendant's prior inconsistent statements in rebuttal.  We need not determine whether the admission of statements contained in the hospital records were erroneous because, even if there was error, it was not prejudicial.

Background.  We recite the facts the jury could have found, reserving certain details for our discussion of the specific issues raised.  In July 2019, two brothers were at the Mary Dennison Park in Framingham drinking beer.  The defendant drove up in his car, got out, and began to argue with them.  One of the brothers recognized the defendant but did not know his name. The defendant went back to his car, about five feet away, and returned with a metal pipe.  The defendant ran up to one of the brothers and kept hitting him in the head.  Although that brother tried to defend himself with a trash can, he ultimately fell to the ground.  The defendant then turned to the other brother and also hit him in the head before getting back into his car and driving away, leaving both brothers on the ground.

In response to a 911 call, Framingham police arrived at the park and found both brothers bleeding heavily from their heads. Based on information the police learned from witnesses, the

defendant was arrested in Ashland and transported to the Framingham police department.

The defendant was booked and then a detective interviewed him in Spanish. The interrogation was audio and video recorded. The interview ended after the defendant began to complain of dizziness. The defendant was transported to the hospital by ambulance. The police subsequently executed a search warrant on the defendant's car and located three pry bars, one metal pipe, and one metal bicycle lock in the trunk.

In May 2022, the defendant proceeded to trial on two counts of assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A (b). At trial, during a motion in limine hearing, the prosecutor told the judge that he intended to offer the video recording of the defendant's recorded interview, but not the audio portion of the recording, "noting the Commonwealth does not have a transcript of the audio." The prosecutor went on to say that he anticipated that the interviewing detective would testify to the substance of the statements the defendant made in the course of the recorded interview. The defendant objected to all portions of the video recording and to any testimony about his statements. Pointing to Portillo, 462 Mass. 324, the defendant argued that as a prerequisite to introducing the detective's recollection of the statements that the defendant made in an interview conducted in a language other

than English, the Commonwealth was required to provide an English transcription of the interview.[3]  After hearing argument on the motion in limine, the trial judge precluded the Commonwealth from introducing the defendant's statements and the video recording in its case-in-chief.  However, the judge stated that if the defendant decided to testify, "[the] statements may well come in."

The defendant did testify;[4] in rebuttal, and over the defendant's objection, the Commonwealth was permitted to call the interviewing detective.[5]  The detective's testimony revealed that significant detail that the defendant told the jury during his examination was not mentioned during the interrogation.  Significantly, although the defendant testified at trial that at the time of the altercation, the brothers each had knives and were trying to stab him such that the defendant had to use a

---

[3] The defendant argued that Portillo required the Commonwealth to provide the transcript in advance but clarified that his challenge to the admission of the detective's testimony about the interview statements did not turn on a lack of advance notice.

[4] The defendant testified with the assistance of a Spanish interpreter.

[5] The sidebar conferences in which the parties discussed the testimony of the interviewing officer were inaudible on the court room recordings and therefore could not be transcribed. The Commonwealth agreed at oral argument that defense counsel did raise a proper objection to the detective's testimony.

tree branch to defend himself from the brothers, the detective testified that the defendant did not mention either the knives or the tree branch during the recorded interview.  After the defendant's interview, the detective wrote a police report, in English, that summarized the defendant's statements and noted what the officer thought was important.[6]

The jury found the defendant guilty of one count of assault and battery by means of a dangerous weapon on the non-testifying brother.[7]  The defendant filed a notice of appeal from his conviction and subsequently filed a motion for a new trial.  The motion judge, who was also the trial judge, denied the motion for a new trial.

Discussion.  1.  Standard of review.  "We review evidentiary rulings for abuse of discretion," Commonwealth v. Denton, 477 Mass. 248, 250 (2017), reversing only if the judge made "a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives" (quotation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  Because the defendant objected at trial to the admission of the statements

---

[6] We infer that the defendant had a copy of the police report and that the detective's testimony was consistent with his report; the defendant does not argue otherwise.

[7] The defendant was acquitted of the charge related to the testifying brother.

he made to the detective and of specific portions of the medical records, we review those decisions for prejudicial error.  See Commonwealth v. Souza, 492 Mass. 615, 628 (2023).

2.  The defendant's statements during questioning. "[W]here the Commonwealth intends in its case-in-chief to offer at trial statements made by a defendant in a foreign language in a tape-recorded interview, it is within the judge's discretion to require the Commonwealth to provide defense counsel in advance of trial with an English-language transcript of the interview, and to exclude the statements where the Commonwealth declines to do so."  Portillo, 462 Mass. at 326.  In this appeal, the defendant asks us to doubly extend the holding of Portillo to require the Commonwealth to provide an English transcription any time the Commonwealth uses the defendant's statement against him, and to rule that the judge's failure to do so is automatically an abuse of discretion.

The Supreme Judicial Court has expressed the importance of ensuring the presence of "significantly enhanced protections and assurances of reliability" for non-English speaking defendants interviewed by police.  Commonwealth v. AdonSoto, 475 Mass. 497, 508 (2016).  See id. at 507 (requiring recording of "all interviews and interrogations using interpreter services").  In Portillo, 462 Mass. at 326, the Supreme Judicial Court held that, when the Commonwealth intends to introduce, as part of its

case-in-chief, statements made by the defendant in a recorded foreign-language interview, the trial judge has the discretion to require the Commonwealth to provide defense counsel with an English transcription of that interview and the discretion to exclude the statements should the Commonwealth fail to do so. As noted in Portillo, id. at 331-332, absent that transcript, a prosecutor may not be able to verify whether the testimony of the interrogating officer is rooted in an accurate translation or recollection, potentially implicating the Commonwealth's duty to provide exculpatory evidence.

Portillo does not require the result the defendant seeks, and it is not for this court to alter a rule of law established by the Supreme Judicial Court.[8]  See Commonwealth v. Dominico, 1 Mass. App. Ct. 693, 709-710 (1974) (settled practice must be changed by Supreme Judicial Court or Legislature); Burke v.

---

[8] Our decision should not be read to suggest that a judge could not, on these facts and in the proper exercise of discretion, deny the Commonwealth's attempt to introduce statements from interrogating officers without first providing a translated transcript.  See Portillo, 462 Mass. at 332 ("Where an audio recording of a defendant's statements is in the possession or control of the Commonwealth and is audible, the fair administration of justice requires that the Commonwealth prepare a translated transcript of the statements the Commonwealth intends to offer in evidence at trial . . . and provide the transcript to defense counsel . . . .  If the Commonwealth chooses not to invest the time, money, or effort needed to prepare a translated transcript, it must pay the price of exclusion of the defendant's recorded statements").  Accordingly, prudence would dictate translating such an interview and providing defense counsel with a copy.

Toothaker, 1 Mass. App. Ct. 234, 239 (1973) (as intermediate appellate court, Appeals Court does not alter established rules of law).

We note that, in this case, the defendant failed to show, either at trial or in the motion for a new trial, that the detective was inaccurate in his translation of the defendant's statements or that his memory failed in any way. At trial, the defendant never argued that he was unprepared or unable to cross-examine the detective. Nor did the defendant seek a continuance to get a translation of the video recording to ensure that the detective's testimony was accurate.

Furthermore, evidence that properly has been excluded from a prosecution's case-in-chief may be admissible in rebuttal. "When a defendant in a criminal case voluntarily takes the stand he waives his privilege against self-incrimination[,] . . . [and] may be impeached and discredited like other witnesses." Jones v. Commonwealth, 327 Mass. 491, 493-494 (1951). In some circumstances, a defendant's decision to testify may even permit the admission of evidence that otherwise would have been inadmissible. See Commonwealth v. Harris, 364 Mass. 236, 237-240 (1973) (statement elicited in violation of Miranda safeguards may be used to impeach credibility of defendant's testimony).

The judge properly ruled that the Commonwealth could not use the statements in its case-in-chief, and he cautioned the defendant that if he testified, then his prior statements might be admissible. There was no abuse of discretion.

3. Medical records. a. Hospital records. The defendant argues that two statements admitted under the medical records exception were not made by him, may have been provided by police officers, contained unredacted references to his having been under arrest and in police custody, and were therefore admitted in error. The challenged statements are: (1) "The patient had driven himself home, was in please [sic] custody, . . . [when] he started complaining of headache, and chest pain"; and (2) "Patient arrested and started [complaining of] head pain and left sided rib pain." Because the defendant raised these objections at trial, we review for prejudicial error. Commonwealth v. Samia, 492 Mass. 135, 141 (2023).

Under the medical records exception to the rule against hearsay, "Records kept by hospitals . . . may be admitted . . . as evidence in the courts of the [C]ommonwealth so far as such records relate to the treatment and medical history of such cases . . . ." G. L. c. 233, § 79. See Mass. G. Evid. § 803(6)(B) (2026). Second-level hearsay is admissible under this exception when based on "the personal knowledge of those

who are under a medical obligation to transmit [medical] information."  Commonwealth v. Wall, 469 Mass. 652, 667 (2014).

The medical records exception is rooted in the premise that the types of statements contained within such records are presumptively reliable.  See Commonwealth v. Cole, 473 Mass. 317, 322 (2015).  Such records are accorded this presumption "because the entries relating to treatment and medical history are routinely made by those responsible for making accurate entries and are relied on in the course of treating patients" (citation omitted).  Commonwealth v. Irene, 462 Mass. 600, 612, cert. denied, 568 U.S. 968 (2012).[9]

We need not determine whether the admission of these statements was erroneous because, even if there was error, it was not prejudicial.  The challenged "references to police

---

[9] Although medical records can be reliable even where the identity of the declarant -- or second-level declarant -- is unknown, see Commonwealth v. Johnson, 59 Mass. App. Ct. 164, 167 (2003), the presumption of reliability hinges on the statement's arising from either the personal knowledge of the recorder or "a compilation of the personal knowledge of those who are under a medical obligation to transmit such information" (emphasis added), Wall, 469 Mass. at 667.  The Commonwealth overreads Doyle v. Dong, 412 Mass. 682 (1992), in arguing that it is "unimportant" that a statement may be second-level hearsay. While the court in Doyle noted that a record "may contain second-level hearsay," it immediately followed this observation by emphasizing that entries made in those cases must come "from a compilation of the personal knowledge of those who have an obligation in the course of their employment to transmit that medical information to the recorder."  Id. at 684-685, quoting Bouchie v. Murray, 376 Mass. 524, 528 (1978).

custody and arrest" were cumulative of the defendant's own testimony that he drove himself home after his physical conflict with the victims, was arrested there by the police, complained of dizziness, and was brought to a hospital.  See Commonwealth v. Orton, 58 Mass. App. Ct. 209, 211 (2003) ("[t]he admission of cumulative evidence does not commonly constitute reversible error" [citation omitted]).

b.  Ambulance records.  The defendant also challenges the admission of a statement in a "Patient Care Report" recorded by the ambulance service that transported him to the hospital.  The challenged statement asserts that "Pt sts that he had no [loss of consciousness] and his head[] started hurting when the police picked him up."  This statement pertaining to the types of injuries the defendant had sustained and the timing of the onset of symptoms was properly admitted as a hospital record.  See Cole, 473 Mass. at 324, quoting Commonwealth v. DiMonte, 427 Mass. 233, 242 (1998) ("a record which relates directly and mainly to the treatment and medical history of the patient, should be admitted, even though incidentally the facts recorded may have some bearing on the question of" criminal culpability).

The defendant also challenges these statements as being unfairly prejudicial.  "Whether proffered evidence is relevant and whether its probative value is substantially outweighed by its prejudicial effect are matters entrusted to the trial

judge's broad discretion and are not disturbed absent palpable error" (quotation and citation omitted).  <u>Commonwealth</u> v. <u>Spencer</u>, 465 Mass. 32, 48 (2013).  See <u>L.L.</u>, 470 Mass. at 185 n.27.  The probative value of this evidence was not substantially outweighed by the danger of unfair prejudice.  We discern no error.

<u>Judgment affirmed</u>.

<u>Denial of motion for a new<br>     trial affirmed</u>.